Flannery, J.
The plaintiffs move for class certification and for a preliminary injunction against what they allege are impermissible restrictions imposed by the defendants on their right to be licensed to carry firearms.
Briefly, the plaintiffs are deputy sheriffs and corrections officers who, by reason of their jobs, typically carry weapons while on duty, pursuant to M.G.L.c. 147, §8A. That entitlement does not extend to their off-duty hours, however, and because they fear for their safety at such times, on account of their occupations, they seek to be licensed pursuant to c. 140, §131. They object as a class to defendant Scobie’s alleged requirement that their employers must “sponsor” their applications and, in effect, agree to accept some responsibility for their use of the licensed firearms. Such a requirement, they urge, may reasonably apply to, say, a bank messenger, but it should not apply to them because they fear for their safety at times when they are not on duty.
The defendants oppose class certification and the motion for a preliminary injunction. They urge that firearms license decisions are too individualized to permit class treatment. With respect to the merits, they urge that the plaintiffs should be applying to the Department of Corrections, pursuant to c. 147, §8A, not to the Chief of Police of Boston, and that the plaintiffs cannot prevail because the sponsorship requirement is within the discretion of the licensing authority. The defendants also argue that the plaintiffs have not exhausted their administrative remedies and that the requirements for preliminary injunctive relief are not met.
*549 Class certification is inappropriate and unnecessary in this case. First, the numerosity requirement is not shown to be met. There may be over 100 persons who are potentially affected, but how many of them seek to be licensed is not alleged. Second, firearms licensing is an extreme form of individualized decision-making, so it is doubtful that questions common to the class predominate. Put differently, if the sponsorship requirement is invalid per se, a declaratory judgment will meet the plaintiffs’ needs; if the requirement is permissible as to some but not all, then a class action is not superior to other methods of adjudication. Accordingly, the motion to certify a class is denied. That leaves the complaint for declaratory judgment and motion for a preliminary injunction on behalf of the individual plaintiffs.
The defendants’ contention that the plaintiffs should be applying pursuant to c. 147, §8A, rather than pursuant to c. 140, §131, is wrong. Chapter 147, §8A empowers certain agency heads to authorize their subordinates to carry weapons in the performance of their duties. These plaintiffs do not seek such authorization. Rather, they seek to be licensed to carry firearms while they are not on the job “in the performance of their duties.”[1] Therefore, they are properly applicants or would-be applicants pursuant to c. 140, §131. And they urge on numerous grounds that the sponsorship requirement may not lawfully be applied to them.[2]
The key question here, to my mind, is whether c. 140, §131 authorizes the application of the sponsorship requirement to these plaintiffs. The statutory scheme authorizes the licensing authority to investigate the suitability of an applicant, e.g., her criminal record and mental health, and to issue a license to a suitable person who “has good reason to fear injury” or who is applying “for any other proper purpose.” The statute is a “broad grant of discretion” whose exercise should not be judicially interfered with except for arbitrariness or caprice. MacNutt v. Police Commissioner of Boston, 30 Mass.App.Ct. 632, 636 (1991). For example, if a bank messenger applies for a license in connection with her employment, it seems reasonable to require the bank to, in effect, verify her assertions and to acknowledge the possibility of master-servant liability. Thus the sponsorship form at issue here deals expressly with “licenses issued conditional with employment” and provides for the return of the license “when the applicant leaves your employment.”
The plaintiffs here do not seek to be armed during their work hours because their jobs are hazardous. They are already armed, under c. 147, §8A, if their agency head agrees that weapons are necessary in the performance of their duties. Rather, they claim to have good reason to fear injury during their off-duty hours, a claim which the defendants do not dispute. To be sure, the plaintiffs’ claimed off-duty jeopardy is attributed by them to having alienated persons in the course of their work, but that is quite removed from the dangers of the work itself. A judge or assistant district attorney may be apprehensive about the later wrath of a heavily sentenced defendant, but if he applies for a license it seems unlikely that c. 140, §131 would be construed to require the Chief Justice for Administration and Management or a district attorney to vouch for the applicant’s need and acknowledge some possible employer liability.
Applying the employer sponsorship requirement to these plaintiffs not only burdens them in a way not expressly authorized by the statute. Doing so has the effect of shifting part of the investigative responsibility from the licensing authority to an employer who, unlike the bank in the foregoing example, has no affirmative interest in the matter. Indeed, considering the provision about a sponsor’s possible civil and criminal liability, the prudent employer will always decline sponsorship. Thus, regardless of an individual applicant’s worthiness, i.e., reasonable fear and other eligibility, this use of the sponsorship requirement is likely to be an automatic disqualification.
For the foregoing reasons, I find and rule that the application of this sponsorship requirement to these plaintiffs is arbitrary and unauthorized by c. 140, §131. A declaratory judgment of its invalidity as applied shall enter.
The plaintiffs also move for a preliminary injunction against further application of the sponsor requirement, and that motion will be denied. Obviously, I agree that the plaintiffs have shown that they are likely to prevail on the merits of their claim. And I do not suggest that any further trial on the merits is necessary. Mass.R.Civ.P. 65(b)(2). However, there are other criteria for the issuance of a preliminary injunction and they are not present here. The plaintiffs have not shown that they face immediate irreparable harm, or that the balance of harms favors their position, or that the public interest lies with them. The Commissioner may wish to appeal from this judgment, and upon application I would stay an injunction pending appeal. Mass.R.App.P. 6(a). If the Commissioner chooses not to appeal, I am confident that, as a responsible public official, he will abide by the court’s ruling without the necessity of an injunction. If he does not appeal but persists in the sponsorship requirement, the plaintiffs may reapply for injunctive relief.
SO ORDERED.

 See affidavits of Charles Sims and Edwin Parris. The defendants are correct, however, to the extent that any applicants seek authorization to carry a weapon while on duty, see, e.g., affidavit of Wayne C. Perkins.

 Some of the plaintiffs’ contentions, e.g., that the sponsorship requirement violates the Massachusetts Civil Rights Act, c. 12, §11H, are too far-fetched to warrant discussion.